UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVERNE A. MCBRYDE-O'NEAL<br><br>Plaintiff,<br><br>-against-<br><br>DETECTIVE POLICHETTI, et al.,<br><br>Defendants. | 23-CV-10113 (JPC) (RFT)<br><br>**OPINION AND ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On November 16, 2023, Plaintiff Laverne A. McBryde-O'Neal ("McBryde-O'Neal"), proceeding pro se, filed a Complaint alleging that local and federal law enforcement officers had violated her rights under the Fourth and Fourteenth Amendments. (*See* ECF 1, Complaint.) Her request to proceed in forma pauperis was granted on December 1, 2023. (*See* ECF 3.) On December 18, 2023, this Court entered an Order directing that Defendant Detective Polichetti ("Polichetti") of the New York City Police Department ("NYPD") be served by the U.S. Marshals; that the United States Attorney's Office ("USAO") identify the Drug Enforcement Administration ("DEA") agent or agents described in the Complaint; and that the Order and Complaint be mailed to the USAO. (*See* ECF 6.)

1

On December 27, 2023, McBryde-O'Neal filed a letter requesting a subpoena directed to "Ring Device Service" for video footage from her Ring device and the Ring device of her neighbor across the hall related to allegations in the Complaint (the "Letter"). (*See* ECF 7.)[1] Issuing a subpoena to a third party for production of documents is premature, because no Defendant has yet been served and so the parties have not discussed discovery as required under Federal Rule of Civil Procedure 26(d). That Rule provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in circumstances not relevant here or when "authorized … by court order." *See* Fed. R. Civ. P. 26(d).

However, Courts in this District have entered orders authorizing subpoenas to third parties for the preservation of documents before the beginning of formal discovery. *See, e.g., In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-MD-2262 (NRB), 2017 WL 11591094, at *1 (S.D.N.Y. Dec. 14, 2017) (modifying a stay of all proceedings in multidistrict litigation cases not subject to pending motions to dismiss to allow the service of document preservation subpoenas); *In re Smith Barney Transfer Agent Litig.*, No. 05-CV-7583 (WHP), 2012 WL 1438241,

---

[1]    Ring devices are smart-phone integrated camera, generally affixed or wired near the front door of apartments or homes. These "doorbell cameras" may record activity, such as package deliveries, that takes place outside the door, and users may stream or record the activity, depending on the type of doorbell camera they purchased and additional subscription features. *See Video Doorbell 2nd Generation*, https://ring.com/products/video-doorbell-v2 (last visited January 16, 2024). Ring LLC, a Delaware company headquartered in Santa Monica, California, manufactures and operates, among other products, home security cameras such as the ones that apparently are installed on the front doors of McBryde-O'Neal's apartment and her neighbor's. *See* Nick Wingfield, *Amazon Buys Ring, Maker of Smart Home Products*, New York Times (Feb. 27, 2018), https://www.nytimes.com/2018/02/27/business/dealbook/amazon-buys-ring.html (last visited January 16, 2024).

at *3 (S.D.N.Y. Apr. 25, 2012) (lifting the Private Securities Litigation Reform Act ("PSLRA") stay of discovery for the limited purpose of allowing the plaintiffs to serve document preservation subpoenas on third parties); *see also Johnson v. U.S. Bank Nat'l Ass'n,* No. 09-CV-492 (TSB), 2009 WL 2682668, at *1 (S.D. Ohio Dec. 3, 2009) (permitting issuance of document preservation subpoena on showing of good cause before parties' Rule 26(f) conference). After all, a subpoena for preservation of documents is a court order, and Rule 26(d) permits a party to seek discovery "before the parties have conferred as required by Rule 26(f)" when "authorized … by court order." *See* Fed. R. Civ. P. 26(d).

I therefore will construe the Letter as a request for the Court to issue a document preservation subpoena on Ring LLC.

In connection with lifting the PSLRA stay of discovery for the limited purpose of allowing a plaintiff to serve document preservation subpoenas on third parties, which is analogous to the situation here, Courts in this District require a plaintiff to show that the discovery being sought is particularized and is "necessary to preserve evidence or to prevent undue prejudice to th[e requesting] party." *Koncelik v. Savient Pharms., Inc.*, No. 08-CV-10262 (GEL), 2009 WL 2448029, at *1 (S.D.N.Y. Aug. 10, 2009) (quoting 15 U.S.C. § 78u-4(b)(3)(B)) (quotation marks omitted, alteration in *Koncelik*). A particularized discovery request is one that is directed at specific people and specific categories of evidence. *See Koncelik,* 2009 WL 2448029, at *1. Undue prejudice in this context means "improper or unfair treatment amounting to something less than irreparable harm." *Id.* (quoting *In re Smith Barney Transfer Agent Litig.,* No. 05-CV-7583 (WHP), 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) (citations omitted)).

McBryde-O'Neal's request is particularized, since it is directed at Ring LLC and seeks only the preservation of about an hour of footage from each of two Ring devices.

On the issue of undue prejudice, as is relevant here, McBryde-O'Neal's case is premised on conduct that allegedly occurred, in part, in the hallway outside her apartment. She contends that during the events at issue, her Ring device recorded about 40 minutes and her neighbor's Ring device recorded about an hour of activity including: Polichetti shoving her while entering her apartment; Polichetti being followed into her apartment by additional plainclothes police officers; and DEA agents announcing that they were going to enter her apartment. (*See* ECF 1.) The Letter states that an investigator for the Federal Defenders collected the footage from her Ring device and her neighbor's Ring device, but that all but 30 seconds of the footage was deleted: "full footage (critical) portions of footage was deleted thus failing to reveal the entire intrusion." (ECF 7.)

According to Ring LLC's website, a Ring device user must subscribe to a "Ring Protect Plan" for the user to store video footage recorded on the Ring device.[2] By default, Ring LLC will store a subscriber's video footage for 60 days. A subscriber can pay extra for the video footage to be stored for longer (up to 120 days); the subscriber can also download video footage during

---

[2]   *See General Information on Ring Protect Subscription Plan*, https://ring.com/support/articles/lw54x/General-Information-on-Ring-Protect-Subscription-Plans (last visited January 16, 2024) ("Without a Ring Protect Plan, you can still view real-time video for Ring doorbells and cameras and answer doorbell notifications when they happen, but you don't get video recordings of those events.").

4

the 60-day (or longer if the subscriber paid extra) period during which the video is stored. After downloading, the subscriber's video footage may be stored in a separately sold "microSD card."[3]

McBryde-O'Neal represents that most of the footage obtained by an investigator from the Federal Defenders has been deleted. If she had downloaded another copy of the footage, or if her neighbor had done so, she would not need to go to the effort of seeking a subpoena to get the footage from Ring LLC. The video footage could corroborate her allegations. And absent a document preservation subpoena, Ring LLC would have no obligation to preserve the video footage. *See, e.g., Rodo Inc. v. Guimaraes*, No. 22-CV-9736 (VSB) (VF), 2023 WL 8520426, at *2 (S.D.N.Y. Dec. 8, 2023) ("For a non-party, there is typically no duty to preserve evidence for use by others.")

Based on the foregoing, I find that if McBryde-O'Neal cannot get copies of the footage from Ring LLC, she will be unduly prejudiced. While issuing a subpoena for production is premature at this time, I believe it would be appropriate for McBryde-O'Neal to be permitted to serve a document preservation subpoena on Ring LLC that requires the preservation of the video footage she describes in the Letter if it has not already been deleted or overwritten. *See In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *3 (lifting the PSLRA discovery stay

---

[3] *See Ring Protect*, https://ring.com/protect-plans (last visited January 16, 2024).

for the limited purpose of serving on third parties document preservation subpoenas but not subpoenas for production).[4]

If McBryde-O'Neal wishes for this Court to issue a document preservation subpoena on Ring LLC, she is directed to file on the docket a document that describes the specific video footage that she seeks: she should refer to the Ring LLC website for instructions about identifying her Ring device and her neighbor's Ring device; she should also state the date and start and end times of the footage she would like Ring LLC to preserve. If she files, by **February 16, 2024**, such a document on the docket, the Court will issue a Rule 45 subpoena for document preservation and will direct the United States Marshals Service to serve a copy of the subpoena and this Order on Defendants, and thereafter to serve a copy of the subpoena and this Order on Ring LLC. *See Rissman v. City of New York,* No. 01-CIV-6284 (SHS) (DF), 2002 WL 31499003, at *4 (S.D.N.Y. Nov. 8, 2002) ("A party granted leave to proceed in forma pauperis may, for example,

---

[4] Ring LLC may already have deleted the video footage, since it has been over a year since the recordings were made. *See* https://ring.com/support/articles/1nce1/Understanding-and-Adjusting-Your-Video-Storage-Time (last visited January 16, 2024). But the *possibility* that the footage no longer exists is not a reason to decline to permit the document preservation subpoena to be issued. If the footage no longer exists, Ring LLC can simply say so in its response to McBryde-O'Neal's document preservation subpoena.

obtain assistance from court officials in serving subpoenas on non-party witnesses.") (citing 28 U.S.C. § 1915(d)).[5]

DATED:  January 17, 2024
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge

---

[5]  If McBryde-O'Neal files on the docket a description of the video footage to be preserved, the subpoena issued to Ring LLC will indicate that she is seeking production (not preservation) of documents on a date that is at least one year from the date of that filing. This is because the Rule 45 form of subpoena does not have an option for requiring document preservation only. However, I believe that this Court's ability pursuant to Rule 26(d) to authorize issuance of a Rule 45 subpoena for the production of documents necessarily includes the lesser authority to permit issuance of a Rule 45 subpoena for document preservation.

By placing the return date of the subpoena out a year into the future, the subpoena would put Ring LLC on notice of its document preservation obligations without requiring production before the appropriate time under the Federal Rules, including Rule 26(d). Once it is timely for McBryde-O'Neal to propound discovery requests under the Rules, she may, if appropriate, seek issuance of an amended subpoena with an earlier return date.

7