UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVERNE MCBRYDE-O'NEAL,<br><br>                                    Plaintiff,<br><br>         -against-<br><br>DETECTIVE POLICHETTI, et al.,<br><br>                                    Defendants. | 23-CV-10113 (JPC) (RFT)<br><br>**ORDER OF SERVICE** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff, who is appearing pro se and proceeding in forma pauperis ("IFP"), brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her federal constitutional rights during a search of her apartment on January 4, 2023. (*See* ECF 1, Compl.) Defendants originally included several unidentified Drug Enforcement Administration ("DEA") agents (*see id.*), five of whom have since been identified by the United States Attorney's Office ("USAO") in compliance with my *Valentin* Order of December 18, 2023 (ECF 6). (*See* ECF 14.)[1] On February 22, 2024, Plaintiff filed an amended complaint naming the newly identified Defendants; the amended complaint attached a letter questioning the USAO's identification of only five DEA agents. (*See* ECF 19.) I construe the Amended Complaint ("AC") as consisting of the document Plaintiff calls the amended complaint and the attached letter. In the AC, Plaintiff states that there were additional John and Jane Doe Defendant law enforcement officers

---

[1] The USAO identified Defendants Task Force Officer ("TFO") Jose Ortiz; TFO Dino Polichetti, Badge #7182; Special Agent ("SA") Michael Morris, Badge #9148; SA Joseph Boccia, Badge # 10344; and TFO John Dooley.

involved in the incident underlying this case, and she asks me to order the USAO to identify those additional Defendants. (*See id.* at 8.)

I.      **Plaintiff's Request for a Second *Valentin* Order**

Plaintiff alleges in the AC that at least 23 plainclothes officers and two officers in uniform participated in the incident underlying this case. (*See id.*) Plaintiff requests the identification of "each officer and DEA officer that was in the apartment." (*Id.* at 8.)

I have no reason to believe the USAO failed to identify all DEA agents involved in the incident in compliance with my *Valentin* Order. Plaintiff does, however, distinguish between DEA officers and other law enforcement officers, and she specifically mentions two officers in uniform. (*See id.*) It is possible that officers from the New York City Police Department ("NYPD") who were unaffiliated with the DEA participated in the incident underlying this case. Plaintiff supplies enough information in the AC to permit the NYPD to identify any NYPD officer(s) who participated in the search of Plaintiff's apartment on January 4, 2023.

It is therefore ORDERED that <u>Corporation Counsel, which is the attorney for and agent of the NYPD, shall find out the identity and badge number of any NYPD John Doe and Jane Doe Defendants mentioned in the AC, and the address where each such Defendant officer may be served. Corporation Counsel shall provide this information to Plaintiff and the Court by May 6, 2024, which is sixty days from the date of this Order</u>.

The Clerk of Court is respectfully directed to mail a copy of this Order to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

Within thirty days of being told the identities of any NYPD John and Jane Doe Defendant(s), Plaintiff shall file a second amended complaint that names any such individuals as Defendants. If Plaintiff files a second amended complaint, the Court will screen it and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named NYPD John and Jane Doe Defendants and to deliver all documents necessary to effect service of the second amended complaint on them to the U.S. Marshals Service.

## II.   Service of the AC

In order for Plaintiff to effect service of the AC through the U.S. Marshals Service on Defendants Ortiz, Polichetti, Morris, Boccia, and Dooley, <u>the Clerk of Court is respectfully requested to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further requested to (1) mark the box on USM-285 form labeled "Check for service in U.S.A.," (2) issue summonses for each of these Defendants, and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to serve the AC on these Defendants</u>. The address for service is DEA Office of Chief Counsel, 8701 Morrissette Drive, Springfield, VA 22152.

Notwithstanding the possibility that a second amended complaint will be filed, **these Defendants shall respond to the AC within 30 days of service**.

## III.   Service of Notice of a Subpoena Directed at Ring LLC

On January 31, 2024, I ordered notice and a subpoena directed at Ring LLC to be served by the U.S. Marshals Service on Defendant Polichetti. (*See* ECF 12.) Together, the notice and

Subpoena directed at Ring LLC are the "Ring Subpoena." (*See* ECF 13.) Service was returned unexecuted because Defendant Polichetti did not work at the NYPD precinct identified by Plaintiff. (*See* ECF 18.) However, the DEA's Office of Chief Counsel has agreed to accept service on behalf of Defendant Polichetti due to Polichetti's role as a DEA Task Force Officer. (*See* ECF 14.) Accordingly, the Clerk of Court is respectfully directed to complete the USM-285 form, marking the box on USM-285 form labeled "Check for service in U.S.A.," and deliver all documents necessary for the U.S. Marshals Service to serve Defendant Polichetti with the Ring Subpoena (ECF 13); this Order; the January 31, 2024 Order (ECF 12); Plaintiff's request for a subpoena describing video footage she seeks to be preserved (ECF 11); and the January 17, 2024 Order authorizing issuance of the Ring Subpoena (ECF 10). The address for service is DEA Office of Chief Counsel, 8701 Morrissette Drive, Springfield, VA 22152.

Once the Ring Subpoena has been served on Defendant Polichetti, the Clerk of Court is respectfully directed to file proof of service on the docket in compliance with Federal Rule of Civil Procedure 45(b)(4).

**Three weeks after proof of service of the Ring Subpoena has been filed on the docket**, unless directed otherwise by this Court, the Clerk of Court is respectfully directed to complete the USM-285 form and deliver all documents necessary for the U.S. Marshals Service to serve the Ring Subpoena (ECF 13); this Order; the January 31, 2024 Order (ECF 12); Plaintiff's request for a subpoena describing video footage she seeks to be preserved (ECF 11); and the January 17, 2024 Order authorizing issuance of the Ring Subpoena (ECF 10) on Ring LLC. The address for service is 12515 Cerise Avenue, Hawthorne, CA 90250.

DATED:  March 4, 2024
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Task Force Officer Jose Ortiz
   c/o Jill M. McCann
   DEA Office of Chief Counsel
   8701 Morrissette Drive
   Springfield, VA 22152

2. Task Force Officer Dino Polichetti, Badge #7182
   c/o Jill M. McCann
   DEA Office of Chief Counsel
   8701 Morrissette Drive
   Springfield, VA 22152

3. Special Agent Michael Morris, Badge # 9148
   c/o Jill M. McCann
   DEA Office of Chief Counsel
   8701 Morrissette Drive
   Springfield, VA 22152

4. Special Agent Joseph Boccia, Badge # 10344
   c/o Jill M. McCann
   DEA Office of Chief Counsel
   8701 Morrissette Drive
   Springfield, VA 22152

5. Task Force Officer John Dooley
   c/o Jill M. McCann
   DEA Office of Chief Counsel
   8701 Morrissette Drive
   Springfield, VA 22152