UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVERNE MCBRYDE-O'NEAL,<br><br>            Plaintiff,<br><br>   -against-<br><br>TASK FORCE OFFICER DINOL POLICHETTI, et al.,<br><br>            Defendants. | 23-CV-10113 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

A response to the amended complaint ("AC") in this matter is due today (Monday, May 20, 2024) from Defendants Dino Polichetti, Michael Morris, Jose Ortiz, Joesph Boccia and John Dooley (the "Named Defendants"), who are represented by the Office of the United States Attorney for the Southern District of New York ("USAO"). (ECF 29.) This deadline itself was the result of a two-month extension requested by the USAO so that it could obtain authority to represent the Named Defendants and to formulate a response to the AC. (ECF 28.) After the close of business on Friday, May 17, 2024, I received a letter from the USAO identifying five Drug Enforcement Administration ("DEA") task force officers ask force officers who may have been involved in the incident at issue in this lawsuit, coupled with a request for (i) a stay of the deadline for the Named Defendants to respond to the AC, (ii) a stay of their deadline to respond to any second amended complaint ("SAC") until the USAO can determine whether it will represent the newly identified DEA task force officers and (iii) an order that the USAO provide a status update 30 days after the filing of any SAC. (ECF 33.) The USAO states that "[b]y issuing these orders, the Court can ensure that there will not be a situation where the parties need to file and respond to multiple overlapping motions to dismiss," and that Plaintiff consented to the request. (*Id.*)

The USAO's request – which essentially seeks an extension of time of unspecified length – fails to comply with my individual practices, which require that requests for extensions of time be made at least one week in advance of the deadline. The USAO provides no explanation for its

tardy request. Moreover, it is troubling that, when conducting an investigation in response to my December 18, 2023 *Valentin* Order (ECF 6) – an Order that the USAO responded to on February 9, 2024 (ECF 14) – the USAO managed to overlook five DEA agents who may have been involved in the incident at issue in this case and then took over three months to realize the oversight and inform the Court.

Putting aside the issue of the tardiness of the USAO's request for additional time, I am not persuaded that a stay of the Named Defendants' deadline to respond to the AC is warranted. "In deciding whether a stay is appropriate, courts . . . typically consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012) (internal quotation marks and citations omitted). The defendants bear the burden of showing that a stay is warranted. *See Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 97 (2d Cir. 2012). Here, Plaintiff has an interest in prompt resolution of this matter, and she may be prejudiced by further delays as memories fade. Additionally, because this case involves claims of misconduct by government officers, the public has an interest in a prompt resolution.

The USAO argues that it will be burdensome for the Named Defendants to file multiple overlapping motions to dismiss, but it is not clear to me that the burden would be significant. It is true that Plaintiff is likely to file a SAC naming as defendants the five additional DEA task force officers plus any New York Police Department ("NYPD") officers identified in response to my second *Valentin* Order, which was directed to the New York City Law Department ("Law Department") (ECF 20), but I plan to issue a separate order making clear that Plaintiff needs to file only one new complaint (the SAC) naming as defendants the newly identified DEA agents and any NYPD officers identified by the Law Department. It seems unlikely that Plaintiff will make any changes in the SAC beyond naming new defendants. If, as I expect will happen, the Named Defendants move to dismiss the AC, their arguments will apply with equal force to the SAC and will be equally applicable to the new DEA agent defendants. Any additional arguments

in support of dismissal that the new DEA agent defendants (and any NYPD defendants) wish to make can be accommodated through supplemental briefing. As a courtesy, I will extend the deadline for the Named Defendants to respond to the AC until Tuesday, May 29, 2024. I will not extend that deadline further absent extremely good cause shown.

Nor do I believe that a stay of the time to respond to a SAC until the USAO can determine whether it will represent the newly identified DEA task force officers is warranted. Having belatedly identified five additional DEA officers involved in the incident underlying this case, and knowing that a SAC naming those officers as defendants is likely, the USAO should begin the process now of determining whether it will represent them. Given that the return date for my second *Valentin* Order is June 5, 2024, Plaintiff would not have to file the SAC before July 8, 2024, which should afford the USAO ample time to determine whether it will represent the five additional DEA officers before their response to the SAC is due.

The USAO's letter motion is DENIED. The Named Defendants' time to respond to the AC is extended until **May 29, 2024**. The Clerk of Court is respectfully requested to terminate ECF 33.

DATED:  May 20, 2024  
           New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**  
United States Magistrate Judge