UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVERNE MCBRYDE-O'NEAL,<br><br>                                    Plaintiff,<br><br>          -against-<br><br>TASK FORCE OFFICE DINO POLICHETTI, et al.<br><br>                                    Defendants. | 23-CV-10113 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

On June 12, 2024, Plaintiff filed a letter stating that the Court must determine who authorized a title change (from Detective to Task Force Officer) for Defendant Dino Polichetti ("Polichetti"). (*See* ECF 61.) "Federal Rule of Civil Procedure 10(a) requires that the caption of the complaint include the names of all of the parties to the action." *Hernandez-Avila v. Averill*, 725 F.2d 25, 27 (2d Cir. 1984). "However, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Loc. 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001). Here, Plaintiff's original complaint refers to Polichetti by the title "Detective." However, the USAO, in response to the Court's first *Valentin* order, identified Polichetti as a Task Force Officer with the DEA. (*See* ECF 14.) Counsel for the DEA accepted service for Polichetti. (*See* ECF 23.) And the USAO has indicated that it is representing Polichetti in this matter, which it presumably would not do if Polichetti had no connection to federal law enforcement. (*See* ECF 28.) Based on the foregoing, it appears that Polichetti was a Task Force Officer with the DEA. If this case proceeds to discovery, Plaintiff will have an opportunity to request information on Polichetti's status and title, in order to contest the conclusion that Polichetti was a DEA Task Force Officer; she would also have the chance to request additional information relevant to her claim that Polichetti violated her constitutional rights.

Plaintiff's June 12 Letter also states that, before Plaintiff filed her original complaint in this matter, she filed a motion challenging the forfeiture of $50,000 in cash allegedly taken from her apartment, which Plaintiff contends was her life savings. She asks the Court to issue an order stating that her challenge to the seizure of funds is separate from this case and should be litigated on its own merits. (*See* ECF 61.) Plaintiff's June 12 Letter does not specify the forum in which she filed a motion challenging the forfeiture of cash taken from her apartment. I have no authority to make a determination about whether Plaintiff can pursue a motion challenging the forfeiture of funds in any matter but this one, and there is no motion challenging the alleged forfeiture on the docket in this case. To the extent that Plaintiff wishes to pursue the alleged forfeiture in this matter – although her June 12 Letter suggests that she does not wish to do so as part of this case – she would need to include allegations about the alleged forfeiture in her anticipated second amended complaint, which is due on **July 8, 2024**. If she does not include such allegations in her second amended complaint, allegations about the alleged forfeiture will not be a part of this case.

DATED:  June 25, 2024
    New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge