**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LAVERNE MCBRYDE-O'NEAL,

                          Plaintiff,

           *v.*

POLICHETTI, *et al.*,

                    Defendants.

23-cv-10113 (JPC) (RFT)

## DEFENDANT DINO POLICHETTI'S OBJECTION TO
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-22795
E-mail: Jeremy.Liss@usdoj.gov

JEREMY M.  LISS
Assistant United States Attorney
– Of Counsel –

Dino Polichetti ("Defendant") submits this partial objection to the Report and Recommendation ("R&R" or "Report") of the Honorable Robyn F. Tarnofsky, United States Magistrate Judge, dated January 30, 2025 (ECF No. 96).

## PRELIMINARY STATEMENT

This case arises out of the work of a Drug Enforcement Administration ("DEA") task force. In January 2023, that task force executed a federal warrant to search Plaintiff's apartment and seize evidence of illegal narcotics trafficking. Plaintiff claims that members of the task force, including Defendant, violated her constitutional rights.

Last year, Defendant and nine of his fellow task force members moved to dismiss all claims against them. Their motion construed Plaintiff's pleadings as solely asserting claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), since all of the defendants were either federal officers or deputized to a federal task force. Nevertheless, the defendants also requested leave to submit supplemental briefing if the Court construed the operative Second Amended Complaint as asserting additional claims beyond those addressed in their motion papers.

On January 30, 2025, Judge Tarnofsky issued an R&R that recommends dismissing all *Bivens* claims against the defendants with prejudice. Without granting Defendant the opportunity to submit supplemental briefing, Judge Tarnofsky also construed the Second Amended Complaint as asserting a Fourth Amendment claim against him under 42 U.S.C. § 1983 and recommended that the claim proceed to discovery. In making that recommendation, Judge Tarnofsky acknowledged that state and local officers like Defendant that are deputized to a federal task force act under the color of federal, not state, law when carrying out task force activities. Judge Tarnofsky also acknowledged, that in the context of challenging Plaintiff's Fourteenth Amendment *Bivens* claim, Defendant had submitted a declaration from a DEA representative confirming that he was deputized at the time of the search. Judge Tarnofsky declined to take

1

judicial notice of Defendant's federal deputization status because Plaintiff disputes that he was on a DEA task force and on the ground that the DEA declaration is, per the R&R, not an official government record that can be considered on a Rule 12(b)(6) motion to dismiss.

Defendant objects to the portions of the R&R recommending that this Court decline to take judicial notice of Defendant's status as a deputized DEA task force officer, construe a Section 1983 claim against him, and allow that claim to proceed to discovery. Defendant should be afforded an opportunity to directly address whether a Section 1983 claim can be maintained against him, and— regardless of whether it is correct that the previously submitted declaration was inadequate for the purposes of precluding a Section 1983 claim—to provide further evidence in the form of his deputization paperwork and information pulled directly from a DEA database concerning his deputization status. That evidence, which is attached to the declaration accompanying this objection, provides sufficient basis for the Court to take judicial notice of Defendant's deputization status and dismiss any Section 1983 claim against him arising from the Second Amended Complaint.

## BACKGROUND

### I.    Factual Background

Plaintiff lives in an apartment located at 112 East 128th Street, Apt 11B, New York, NY 10035.[1]    *See* ECF 65-1, Second Amended Complaint ("SAC"), at 1.[2]    Her husband, Dexter Washington, "receives mail at the apartment and visits his family there but lives elsewhere."

---

[1]   Except as otherwise noted, Defendant assumes the factual allegations pleaded in the First Amended Complaint are true for the limited purpose of filing a motion to dismiss. *See Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020).

[2]   The Second Amended Complaint is a compilation of multiple documents, each of which is paginated differently. For ease of reference, all citations here are to the PDF page numbers stamped by the Court.

Report at 2 (citing ECF No. 83, Pl.'s Second Opp. to Motion to Dismiss ("Pl.'s Second Opp.") at 4). On January 3, 2023, Judge Sarah Netburn issued a federal warrant authorizing federal law enforcement officers to search Plaintiff's apartment and to seize evidence of illegal narcotics trafficking. ECF No. 38-1 at 1–4.[3]

Defendant, along with other law enforcement officers, executed the federal warrant the next day while Plaintiff was in the apartment. SAC at 3. Defendant came to the apartment, rang the doorbell, and entered the apartment using a key that had been confiscated from Plaintiff's husband. Report at 2–3 (citing Pl.'s Second Opp. at 3). When Plaintiff came to the front door to see why the doorbell was rung, she was "shoved" into the hallway of her building. SAC at 3. Plaintiff was threatened with arrest but was not actually arrested. *Id.* She waited in the hallway for at least four hours. *Id.* at 3. Plaintiff told the officers at one point that she needed to use the restroom, but she urinated on herself before being taken to the bathroom. *Id.* Throughout the entirety of these events, Defendant was deputized as a DEA Task Force Officer. *See* Feb. 12, 2025, Decl. of Brandon K. Hope (attaching Defendant's deputization paperwork and information regarding his deputization pulled from a DEA database); *see also* ECF No. 85 ¶ 4.

## II.    Procedural Background

Plaintiff sued Defendant and several other law enforcement officers for violations of her Fourth and Fourteenth Amendment rights. SAC at 4. She seeks damages for various medical injuries, including complications arising from being forced to stand while recovering from foot surgery. *Id.* at 5. Plaintiff also claims damages for emotional injuries. *Id.* Lastly, she seeks

---

[3]    Although Plaintiff alleges that Defendant acted without a warrant, *see* SAC 3, the Court may take judicial notice of a search warrant because it is a public document. *See, e.g.*, *May v. Levy*, 659 F. Supp. 3d 323, 336–37 (E.D.N.Y. 2023) (taking judicial notice of arrest warrant even though plaintiff alleged a warrantless arrest); *Floyd v. Rosen*, No. 21 Civ. 1668 (KMK), 2022 WL 1451405, at *2 (S.D.N.Y. May 9, 2022) (same, with respect to a search warrant).

compensation for damage to her apartment arising from the search and for items that were confiscated, including $50,000 in cash. *Id.* at 5, 8.

In June 2024, Defendant moved to dismiss Plaintiff's First Amended Complaint. ECF No. 64. The motion argued that Plaintiff had failed to state a *Bivens* claim and that Defendant was entitled to qualified immunity. *Id.* at 1–2. The motion did not request dismissal of any Section 1983 claims, *see generally id.*, because Defendant was operating as a federal officer when he searched Plaintiff's apartment. Defendant did argue, however, that Plaintiff could not maintain her Fourteenth Amendment *Bivens* claim because she had failed to allege that Defendant was operating under "anything other than federal law." *Id.* at 9 (citation and quotation marks omitted).

Several days after Defendant moved to dismiss, Plaintiff amended her complaint a second time. *See generally* SAC. Rather than file a new motion-to-dismiss brief, Defendant "elect[ed] to rely on the legal arguments" in his already-filed motion to dismiss. ECF No. 75.

Defendant ultimately filed a reply brief in support of his motion to dismiss. *See* ECF No. 84. Three aspects of that brief are relevant here. First, Defendant stated that he believed his motion to dismiss had "addressed all claims raised in the Second Amended Complaint" and asked to be given leave to submit supplemental briefing if the Court decided to construe the Second Amended Complaint to raise any additional claims beyond those covered in Defendant's motion papers. *Id.* at 1 n.1. Second, Defendant again did not address the possibility that the Second Amended Complaint could be construed to assert Section 1983 claims against him—let alone a Section 1983 claim under the Fourth Amendment. Finally, Defendant argued that Plaintiff could not save her Fourteenth Amendment *Bivens* claim by alleging that at least some of the officers who searched her apartment (including Defendant) were operating under state law. *Id.* at 7–8. In support of that argument, Defendant argued that the Court should take judicial notice of the fact

4

that Defendant was deputized to a federal task force when he searched Plaintiff's apartment. *Id.* Defendant attached a declaration to his motion from the Administrative Associate Special Agent in Charge of the New York Division of the DEA, who declared that he had reviewed Defendant's deputization paperwork and confirmed Defendant's status as a DEA task force officer on the day of the apartment search. ECF No. 85 ¶¶ 3–4.

### III.    The Report and Recommendation

Judge Tarnofsky issued a Report and Recommendation on January 30, 2025. *See* Report. As relevant here, the Report recommended that the Court dismiss all *Bivens* claims against Defendant with prejudice. *See* Report at 19–24. But the Report also recommended that the Second Amended Complaint be construed to assert Section 1983 claims against Defendant and that Plaintiff be permitted to assert such claims. *Id.* at 17–19. In making this recommendation, the Report agreed that state and local officers who have been deputized to a federal task force act "under the color of federal, not state, law for the purposes of the activities carried out by the task force." Report at 17 (quoting *Escobar v. Correa*, No. 22-CV-08434 (MMG), 2024 WL 4042122, at *7 (S.D.N.Y. Sept. 4, 2024)). But the Report opined that the Court could not rely on a declaration from a DEA representative to take judicial notice of the fact that Defendant was on a federal task force because a declaration "made for litigation purposes is not an official government report or a government record." *Id.* at 18–19. Ultimately, the Report recommended that Plaintiff's excessive force claim against Defendant Polichetti under the Fourth Amendment and Section 1983 should not be dismissed. *Id.* at 45.

### STANDARD OF REVIEW

Upon objection by any party to a report and recommendation of a magistrate judge, the district judge must conduct a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United*

*States v. Raddatz*, 447 U.S. 667, 681–82 (1980) ("Congress has provided that the magistrate's proposed findings and recommendations shall be subjected to a *de novo* determination by the judge who . . . then exercises the ultimate authority to issue an appropriate order." (internal quotation marks omitted)). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also Matthews v. Weber*, 423 U.S. 261, 275 (1976) (a district court's reference to a magistrate judge "will result in a recommendation that carries only such weight as its merit commands and the sound discretion of the judge warrants").

## ARGUMENT

### I.    The Court Should Take Judicial Notice of Defendant's Status as a DEA Task Force Officer During the Relevant Period and Dismiss Any Remaining Claims Against Him

Defendant objects to the portion of the R&R declining to take judicial notice of his employment status as a DEA task force officer and recommending that Plaintiff can maintain a Section 1983 claim against him. Courts routinely take judicial notice of an individual's federal employment status in similar circumstances when the officer submits their deputization paperwork and records from federal agency databases because those types of documents are official government records not subject to reasonable dispute.  *See, e.g.*, *Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010) (taking judicial notice at the motion-to-dismiss stage of the fact that a defendant was a DEA task force officer based on signed copies of "DEA Deputization Request/Authorization forms"); *Guzman v. United States*, No. 11 Civ. 5834 (JPO), 2013 WL 543343, at *4 n.6 (S.D.N.Y. Feb. 14, 2013) ("Judicial notice is taken of the public documents indicating that DEA deputized certain Individual Defendants to serve on the Task Force."), *reconsidered on other grounds*, 2013 WL 5018553 (S.D.N.Y. Sept. 13, 2013).

Here, Defendant asks that the Court consider supplemental evidence establishing beyond cavil that he was acting as a federal task force officer when he searched Plaintiff's apartment.

6

Defendant acknowledges that he did not previously submit this supplemental evidence, but notes that he did not have the opportunity to directly brief the issue of whether Plaintiff could assert Section 1983 claims against him—even though Defendant specifically asked for the opportunity to submit supplemental briefing if the Court construed the Second Amended Complaint to raise any additional claims beyond those covered in Defendant's motion papers. *Compare* Report at 17–19 *with* ECF No. 84 at 1 n.1. Whether or not the Report correctly recommended that the previously submitted declaration was inadequate for the purposes of precluding a Section 1983 claim, Defendant now respectfully asks the Court to consider, either in the context of this objection or in the context of a renewed motion to dismiss, supplemental evidence, in order to clarify this matter. Defendant's supplemental supporting declaration, which is submitted with this objection, attaches Defendant's deputization paperwork and a screenshot from a DEA database confirming his federal employment status at the time of the search. That evidence is sufficient under the relevant case law to establish Defendant's federal status during the search. *See, e.g.*, *Aikman*, 691 F. Supp. 2d at 498; *Guzman*, 2013 WL 543343, at *4 n.6. Therefore, Defendant respectfully requests that the Court (i) consider this supplemental evidence demonstrating that he was, indeed, operating under federal authority during the search, and (ii) dismiss any Section 1983 claim remaining against him.

## II.    Alternatively, the Court Should Permit only Limited Discovery

If the Court is not inclined to allow Defendant to submit (either before this Court or to the magistrate judge) supplemental evidence as to his federal employment status, Defendant requests that the Court limit discovery in the first instance to the issue of whether Defendant was deputized as a federal task force officer at the time of the search. This straightforward factual question is dispositive to the remainder of Plaintiff's case. And at a minimum, Defendant has shown that he is highly likely to prevail on the issue. By restricting the scope of discovery, the Court can quickly

resolve this critical question and efficiently move the case forward, potentially avoiding unnecessary delays or litigation on unrelated matters.

## CONCLUSION

For all of these reasons, Defendant objects in part to the Report and respectfully asks the Court to (i) consider Defendant's supplemental evidence establishing that he was acting as a federal task force officer when he searched Plaintiff's apartment and (ii) dismiss any remaining claims against him.

Dated: February 13, 2025
      New York, New York

                         Respectfully submitted,

                         MATTHEW PODOLSKY
                         Acting United States Attorney

By:    */s/ Jeremy Liss*
        JEREMY M.  LISS
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.:   (212) 637-2795
        E-mail: Jeremy.Liss@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of the Local Civil Rules and of this Court's Individual Rules of Practice in Civil Cases. As measured by the word processing system used to prepare it, this memorandum contains 2,398 words.