```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
LAVERNE A. MCBRYDE-O'NEAL,                                             :
                                                                       :
                    Plaintiff,                                         :
                                                                       :
        -v-                                                            :   23 Civ. 10113 (JPC) (RFT)
                                                                       :
TASK FORCE OFFICER DINO POLICHETTI, et al.,                            :      ORDER ADOPTING
                                                                       :        REPORT AND
                    Defendants.                                        :      RECOMMENDATION
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff LaVerne A. McBryde-O'Neal, proceeding *pro se*, commenced this action on November 16, 2023. Dkt. 1. Plaintiff's operative pleading, the Second Amended Complaint, alleges that a group of local and federal law enforcement officers[1] violated her constitutional rights during a search of her apartment. *See* Dkts. 65-1 (Second Amended Complaint), 71 (letter supplementing Dkt. 65-1). Defendants moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Dkt. 63.

On January 30, 2025, the Honorable Robyn F. Tarnofsky, to whom this case has been referred for general supervision of pretrial proceedings and dispositive motions, issued a Report and Recommendation on Defendants' motion to dismiss. Dkt. 96 ("R&R"). Judge Tarnofsky recommended that the undersigned deny the motion as to Plaintiff's claim under 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth Amendment against Defendant Dino Polichetti, and otherwise grant the motion and dismiss Plaintiff's remaining claims with prejudice. *See id.* at

---

[1] The named Defendants in this case are Dino Polichetti, Fernando Bonilla, Keith Ames, Guarionex Marte, David Comesanas, Michael Ingram, Michael Morris, Jose Ortiz, Joseph Boccia, and John Dooley. *See* Dkt. 68.

45-46. For the following reasons, the Court adopts the Report and Recommendation in its entirety.

## I. Background

The facts and procedural history of this action are reviewed in detail in the Report and Recommendation. *See* R&R at 1-8. Consistent with a judge's obligation to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted), Judge Tarnofsky analyzed the Second Amended Complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. *See* R&R at 14-19.

Judge Tarnofsky first rejected Defendants' argument that they may be sued only under *Bivens* and not under Section 1983, because, although some of the Defendants were officers of the New York City Police Department ("NYPD"), they had been deputized by the U.S. Drug Enforcement Administration ("DEA") as federal task force officers and therefore were acting as federal officers at the time of the incident. *Id.* at 17. In support of this contention, Defendants asked Judge Tarnofsky to take judicial notice of "an affidavit"—which was submitted with their reply brief—"from an administrative employee of the DEA, who states he reviewed DEA records and attests to the status of Defendants Polichetti, Ortiz, Dooley, Bonilla, Comesanas, Marte, Ingram, and Ames as deputized federal task force officers and of Defendants Morris and Boccia as DEA agents." *Id.* at 18; *see* Dkt. 85 (Declaration of Francis H. Dicarlo, Associate Special Agent in Charge of the DEA). Judge Tarnofsky declined to do so, reasoning that "[a]n affidavit by a government employee made for litigation purposes is not an official government report or a government record; nor can the contents of such an affidavit be accurately and readily determined from reliable sources." R&R at 18-19. Judge Tarnofsky therefore recommended that this Court not resolve the question of whether all Defendants were deputized federal agents at the motion to

2

dismiss stage. *Id.* at 19.

Judge Tarnofsky next determined that Plaintiff's *Bivens* claims are "barred by the availability of alternative remedies and the novelty of the claims." *Id.* at 19-24. Judge Tarnofsky explained that Congress created a remedy in the Federal Tort Claims Act, under which Plaintiff could have sought redress and monetary damages for the harms she allegedly suffered. *Id.* at 19-21. Judge Tarnofsky further explained that, in the alternative, any *Bivens* claims based on Plaintiff's allegations are barred "because they arise in a new context." *Id.* at 21. In particular, the challenged search was pursuant to a warrant, her excessive force claim presents a new context for *Bivens*, her Eighth Amendment claim does not arise from incarceration, her Fifth Amendment claim does not arise under the Equal Protection Clause, and none of the cases under which the Supreme Court found a *Bivens* claim involved the Fourteenth Amendment. *Id.* at 21-24.

Judge Tarnofsky recommended that this Court not dismiss Plaintiff's Section 1983 claim against Polichetti for excessive force because the Second Amended Complaint alleges sufficient facts "to support a conclusion that Polichetti's use of force [in shoving Plaintiff into the hallway of her apartment during the search] was objectively unreasonable under the circumstances." *Id.* at 32. Drawing all inferences in Plaintiff's favor, Judge Tarnofsky reasoned that the alleged facts "could support a conclusion that no force was necessary; that the force used was out of proportion to the situation; that the harm was sufficient for a constitutional violation; and that the purpose was not to maintain or restore discipline." *Id.* (citation omitted). Judge Tarnofsky determined that the Second Amended Complaint otherwise fails to state a Section 1983 claim for the remaining alleged violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.* at 24-36. Judge Tarnofsky alternatively determined that qualified immunity barred Plaintiff's Section 1983 claims, except as to the excessive force claim against Polichetti. *Id.* at 36-39.

Judge Tarnofsky also recommended that this Court find that jurisdiction is lacking over

3

Plaintiff's claim for return of approximately $50,000 in cash seized during the search because Plaintiff had filed a petition for remission and had received proper notice of the forfeiture proceeding. *Id.* at 39-43; *see U.S. (Drug Enf't Agency) v. One 1987 Jeep Wrangler Auto. VIN # 2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir. 1992); *Onwubiko v. United States*, 969 F.2d 1392, 1398 (2d Cir. 1992), *overruled on other grounds by Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 651 (2d Cir. 1998). Finally, Judge Tarnofsky recommended the Court not *sua sponte* grant Plaintiff leave to amend her Second Amendment Complaint to replead the dismissed claims, on the grounds that any amendment would be futile. R&R at 43-45.

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 47. The docket further indicates that the Report and Recommendation was mailed to Plaintiff on January 31, 2025. Under Rules 6(a)(1)(C), 6(d), and 72(b)(2), Plaintiff's deadline to file any objections was February 18, 2025. Defendants' deadline to file any objections was February 13, 2025, under Rule 72(b)(2).

On February 13, 2025, Polichetti timely filed an objection to the Report and Recommendation, *see* Dkt. 100 ("Deft. Objection"), and that objection was served on Plaintiff via mail on February 14, 2025, Dkt. 103. Under Rules 6(d) and 72(b)(2), Plaintiff's deadline to file a response to Polichetti's objection was March 3, 2025. Plaintiff did not respond to Polichetti's objection by this deadline.

Plaintiff also did not timely file any objections to the Report and Recommendation, thus waiving her right to object or to obtain appellate review. *See* Dkt. 102 at 1 (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008)); *see also Manley v. N.Y.C. Police Dep't*, No. 05 Civ. 679 (FB), 2005 WL 2664220, at *1

4

(E.D.N.Y. Oct. 19, 2005) ("[T]he fact that a litigant is proceeding *pro se* does not exempt that party from compliance with relevant rules of procedural and substantive law." (internal quotation marks omitted)). On February 21, 2025, however, Plaintiff filed two documents through the Court's *Pro Se* Intake Unit, each styled as a "Discovery Motion." Dkts. 104, 105. The first is titled "Response to Rule 56 Motion for Summary Judgment," Dkt. 104, and the second is titled "Demands," Dkt. 105.

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Gagliardi v. Prager Metis CPAs LLC*, 738 F. Supp. 3d 469, 475 (S.D.N.Y. 2024). "[W]hen the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018).

## III. Polichetti's Objection

Polichetti advances a "partial objection" to the Report and Recommendation, "object[ing] to the portions of the R&R recommending that this Court decline to take judicial notice of Defendant's status as a deputized DEA task force officer, construe a Section 1983 claim against him, and allow that claim to proceed to discovery." Deft. Objection at 1-2. Polichetti asks that

5

the Court "consider supplemental evidence"—in the form of another declaration from a different administrative employee of the DEA but now with attached paperwork—which Polichetti contends establishes "beyond cavil that he was acting as a federal task force officer when he searched Plaintiff's apartment." *Id.* at 6; *see* Dkt. 101 (Declaration of Brandon K. Hope, Acting Associate Special Agent in Charge of the DEA). Polichetti "acknowledges that he did not previously submit this supplemental evidence" to Judge Tarnofsky, but maintains that he "did not have the opportunity to directly brief the issue of whether Plaintiff could assert Section 1983 claims against him," despite requesting the opportunity to do so. Deft. Objection at 7.

      Polichetti does not appear to object to the Report and Recommendation's conclusion that judicial notice should not be taken of the deputization declaration from Associate Special Agent Dicarlo that was submitted in support of his motion to dismiss. *See* R&R at 17-19; Deft. Objection at 7 ("Whether or not the Report correctly recommended that the previously submitted declaration was inadequate . . . Defendant now respectfully asks the Court to consider, either in the context of this objection or in the context of a renewed motion to dismiss, supplemental evidence, in order to clarify this matter."). In fact, Polichetti does not argue that Associate Special Agent Dicarlo's declaration—which was first submitted to Judge Tarnofsky in connection with his reply brief and failed to attach any deputization paperwork or other records—was sufficient to establish his status as a federal task force officer. Indeed, Polichetti argues that "[c]ourts routinely take judicial notice of an individual's federal employment status . . . when the officer *submits their deputization paperwork and records from federal agency databases* because those types of documents are official government records not subject to reasonable dispute." Deft. Objection at 6 (emphasis added). Instead of defending his submissions before Judge Tarnofsky, Polichetti asks this Court to now consider additional evidence concerning his deputization that was not previously presented. *Id.* at 6-7; *see id.* at 7 ("Defendant respectfully requests that the Court (i) consider this supplemental

6

evidence demonstrating that he was, indeed, operating under federal authority during the search, and (ii) dismiss any Section 1983 claim remaining against him.").

A district court has discretion to "receive further evidence" when considering the recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1). But "courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Fischer*, 286 F. Supp. 3d at 603. This general practice of district judges to decline to receive further evidence advances several interests, including discouraging parties from "withhold[ing] evidence . . . in the expectation of using it before the district judge only if they failed to prevail before the magistrate judge on a more abbreviated showing," and "reward[ing] careless preparation of the initial papers." *Morris v. Amalgamated Lithographers of Am., Local One*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998). "The submission of new evidence following [a report and recommendation] is merited only in rare cases, where the party objecting to a [report and recommendation] has offered a most compelling reason for the late production of such evidence, or a compelling justification for its failure to present such evidence to the magistrate judge." *Fischer*, 286 F. Supp. 3d at 603 (internal quotation marks omitted).

Polichetti has not provided a sufficient basis for this Court to deviate from its general reluctance to consider new evidence raised in an objection to a report and recommendation. While he gestures towards his inability to further brief this issue after Judge Tarnofsky construed the Second Amended Complaint to assert a Section 1983 claim, the Court is unpersuaded that this amounts to a "compelling reason" for the late presentation of this evidence, *id.*, for two reasons.

First, as noted, a judge must construe a *pro se* complaint "liberally with special solicitude" and interpret that complaint "to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). Defendants' reply brief specifically addressed Plaintiff's argument that "at least some of the Defendants must have been working under state law," Dkt. 84 at 7, and

7

the Second Amended Complaint contends that some of the officers involved in the search "identif[ied] themselves as . . . New York Police personnel," Dkt. 65-1 at 3. Therefore, it was reasonably foreseeable that Plaintiff's pleading would be construed as asserting Section 1983 claims against certain Defendants in their capacities as state officials. Defendants' failure to anticipate that Judge Tarnofsky would construe the Second Amended Complaint in that manner does not constitute a "compelling reason" justifying the production of new evidence at this stage. *Fischer*, 286 F. Supp. 3d at 603 (internal quotation marks omitted).

Second, as noted, along with their reply brief, Defendants did file a declaration seeking to establish the federal deputization of Polichetti and other Defendants, albeit one that Judge Tarnofsky found insufficient. *See* Dkt. 85. Polichetti's decision to make such a filing betrays his awareness that the issue of deputization was important to his defense and to the disposition of the motion to dismiss. That Judge Tarnofsky found that declaration, which lacked any supporting paperwork or other records, wanting does not merit a do-over before this Court. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018) (holding that the objectors' "omission of documents . . . critical to [the magistrate judge's] assessment" lacked any "compelling justification"). Reviewing new evidence that Judge Tarnofsky did not consider "would reduce the magistrate[ judge]'s work to something akin to a meaningless dress rehearsal." *Lane Holdings, Inc. v. Kliger-Weiss Infosystems, Inc.*, No. 17 Civ. 6631 (SJF) (ARL), 2020 WL 5987908, at *2 (E.D.N.Y. Oct. 9, 2020) (collecting cases). The Court therefore declines to consider the additional declaration from Acting Associate Special Agent Hope.

Polichetti states that "[i]f the Court is not inclined to allow Defendant to submit (either before this Court or to the magistrate judge) supplemental evidence as to his federal employment status, Defendant requests that the Court limit discovery in the first instance to the issue of whether Defendant was deputized as a federal task force officer at the time of the search." Deft. Objection

8

at 7. Pursuant to the referral in this case, Judge Tarnofsky is responsible, in the first instance, for overseeing general pretrial matters, which would include whether to allow limited discovery concerning this potentially dispositive question.

### IV. Plaintiff's Filings on February 21, 2025

The Court next turns to the two documents that Plaintiff filed on February 21, 2025. Dkts. 104, 105. As explained at *supra* I, Plaintiff's deadline to object to the Report and Recommendation was February 18, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2). To the extent that Plaintiff's filings were intended to convey objections to the Report and Recommendation, any such objections were waived by Plaintiff's failure to timely file them. *See Caidor*, 517 F.3d at 604-05 (explaining that "failure to object timely to a magistrate[ judge]'s report operates as a waiver of any further judicial review of the magistrate[ judge]'s decision" and that "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them").

Setting aside the issue of waiver, and even construing Plaintiff's filings liberally, it is not clear that either document advances objections to Judge Tarnofsky's Report and Recommendation. Both documents are styled as a "Discovery Motion." Dkts. 104, 105. One is a two-page document titled "Demands." Dkt. 105. It lists discovery demands made under Federal Rule of Civil Procedure 26, and contains no challenges to the Report and Recommendation. *See generally id.* The other document, also two pages in length, is titled "Response to Rule 56 Motion for Summary Judgment." Dkt. 104. It generally recounts Plaintiff's version of the events when law enforcement searched her apartment and describes supposedly malicious actions of one of the attorneys representing Defendants in this matter. *Id.* at 1-2. This document concludes, "I knew from the start that the law would be with corrupt law enforcement. They are protected by Qualified Immunity." *Id.* at 2. If anything, this line seems to acknowledge the validity of Judge Tarnofsky's determination that qualified immunity bars the majority of Plaintiff's claims.

9

But even if the Court construes Plaintiff's "Response to Rule 56 Motion for Summary Judgment" as an objection to the Report and Recommendation, and even ignoring its untimely filing, the filing still fails to identify any error in the Report and Recommendation. Instead, the document reiterates the same arguments Plaintiff had advanced to Judge Tarnofsky, which were duly considered and rejected. *Compare, e.g.*, *id.* at 1 ("The first main point of this case was not having a warrant in hand to show me what the warrant entailed for search and seizure."), *with* R&R at 27-28 (concluding that the Second Amended Complaint fails to state a "claim for a Fourth Amendment violation based on Defendants' failure to show her the search warrant before executing it"); Dkt. 104 at 1 (arguing that Defendants' attorney "never produced the number of law enforcement officers with NYPD to the court"), *with* R&R at 4-5 & n.3 (recounting that the Court issued two *Valentin*[2] orders, which the U.S. Attorney's Office responded to, and that counsel for New York City "did not identify any additional NYPD officers who participated in the incident" beyond those identified by the U.S. Attorney's Office); Dkt. 104 at 1-2 (complaining of mistreatment of Plaintiff during the search and of damage to her apartment), *with* R&R at 28-30, 33-34 (addressing these points).

"To the extent that the objecting party . . . simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Gagliardi*, 738 F. Supp. 3d at 475 (internal quotation marks omitted). "Clear error is present when 'upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed.'" *Microbot Med., Inc. v. Mona*, 688 F. Supp. 3d 88, 94 (S.D.N.Y. 2023) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). Plaintiff does not identify any error, let alone clear error, in the Report and Recommendation. Nor does the Court, after reviewing the

---

[2] Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *Id.* at 79.

record, see clear error in the Report and Recommendation. Indeed, notwithstanding any waiver or reiteration of prior arguments by Plaintiff, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded.

## V. Conclusion

The Court adopts the Report and Recommendation in its entirety. Plaintiff Laverne A. McBryde-O'Neal's claims are dismissed with prejudice, with the exception of her Section 1983 excessive force claim against Defendant Dino Polichetti. Plaintiff's discovery demands, Dkt. 105, are denied without prejudice, as any discovery disputes should be raised before Judge Tarnofsky in the first instance and in accordance with her practices. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 63 and 105. The Clerk of Court is further directed to mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

Dated: March 10, 2025
New York, New York

                JOHN P. CRONAN
              United States District Judge