UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVERNE MCBRYDE-O'NEAL,

                Plaintiff,

  -v-

DINO POLICHETTI,

                Defendant.

23-CV-10113 (JPC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

**BACKGROUND**

Plaintiff LaVerne McBryde-O'Neal, proceeding pro se (without a lawyer), alleged in her Second Amended Complaint ("SAC") that several local and federal law enforcement officers violated her constitutional rights and unlawfully seized her property during a search of her apartment. (*See generally* ECF 65-1, SAC; ECF 71, Letter Supplementing SAC.) On March 10, 2025, Your Honor adopted my report and recommendation that Plaintiff's claims against all Defendants except Polichetti be dismissed, and that only one claim against Polichetti be allowed to proceed (*See* ECF 106.)

I held a telephonic conference on April 11, 2025 to discuss the next steps in the case, including limited discovery concerning Defendant's employment status. Plaintiff stated on the record that she did not wish to proceed with the case and abruptly left the call. (*See* ECF 109.) I issued an order stating that, if Plaintiff did not wish to pursue this action, she should submit a signed notice of dismissal on the docket by April 25, 2025 pursuant to Federal Rule of Civil

1

Procedure 41(a)(1)(A)(i) (*see id.*), which provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment *See* Fed. R. Civ. P. 41(a)(1)(A)(i). No Defendant has answered or moved for summary judgment. The order went on to state that if Plaintiff did wish to continue this action, she must, by April 25, 2025, send a letter to Defendant's counsel by mail stating her demands for paper discovery (documents and written questions) about Defendant's employment status. (*See* ECF 109.) The order provided that, if no notice of dismissal was filed on the docket and Defendant's counsel does not receive such a letter by April 30, 2025 (with a postmark of April 25, 2025 or earlier), Defendant must by May 15, 2025, file an appropriate motion seeking dismissal of this case; under those circumstances, Plaintiff had until June 15, 2025 to oppose any such motion; and Defendant had until June 30, 2025 to file his reply in further support of dismissal. (*See id.*)

Plaintiff did not file a notice of dismissal. Nor did she take any steps to pursue discovery. In response to Defendant's request, I extended his time to move to dismiss until May 29, 2025. (*See* ECF 111.) Defendant filed his motion to dismiss the SAC for failure to prosecute this action on May 23, 2025. (*See* ECF 112, Def.'s Mot. To Dismiss; ECF 113, Def.'s Mem. in Supp. or Mot. To Dismiss.) Plaintiff has not responded to that motion.

"A plaintiff has a general obligation to prosecute h[er] case diligently, and, if [s]he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013). Plaintiffs have the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted

where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Perez v. City of N.Y.*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022). While pro se litigants are typically granted leniency regarding procedural matters, "even pro se litigants must prosecute claims diligently, and dismissal is warranted where the court gives warning." *Costello v. Paramount Global, Inc.*, No. 23-CV-1553 (LGS) (VF), 2025 WL 1042285, at *2 (S.D.N.Y. Jan. 14, 2025).

## **CONCLUSION**

I will grant Plaintiff one additional opportunity to advise the Court that she wishes to proceed with this case. If Plaintiff wishes to proceed with this case, she must, by **July 31, 2025**, file a letter on the docket stating that she would like to continue litigating this case. If Plaintiff fails to do so by that deadline, I expect to recommend to Judge Cronan to dismiss this case for failure to prosecute it under Rule 41(b).

DATED:  July 7, 2025
        New York, New York

So Ordered.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge