UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                            :

LAVERNE A. MCBRYDE-O'NEAL,         :

                            :

             Plaintiff,            :

                            :

         -v-                :          23 Civ. 10113 (JPC) (RFT)

                            :

DINO POLICHETTI,               :           <u>ORDER ADOPTING</u>

                            :           <u>REPORT AND</u>

             Defendant.      :          <u>RECOMMENDATION</u>

                            :

-------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff LaVerne A. McBryde-O'Neal, proceeding *pro se*, alleges in her Second Amended Complaint, Dkt. 65-1, that law enforcement officers violated her constitutional rights when they executed a search of her apartment on January 4, 2023.  After the Court dismissed all but one of her claims, which is an excessive force claim against Defendant Dino Polichetti, Plaintiff stopped responding to court orders and stated that she did not want to pursue her case, prompting Polichetti to move to dismiss for failure to prosecute.  While that motion was pending, Plaintiff reengaged in this litigation, including by filing a letter stating that she did, in fact, want to proceed with her claim against Polichetti.  On September 9, 2025, the Honorable Robyn F. Tarnofsky, to whom this case has been referred for general supervision of pretrial proceedings and to issue a report and recommendation on any dispositive motions, recommended that the undersigned deny Polichetti's motion to dismiss.  Dkt. 120 ("Report and Recommendation").  For reasons that follow, the Court overrules Polichetti's objection to that recommendation, adopts Judge Tarnofsky's Report and Recommendation, and denies Polichetti's motion to dismiss.

## I. Background

The Court assumes the parties' familiarity with Plaintiff's allegations and this case's procedural history.  As relevant, on March 10, 2025, the Court adopted Judge Tarnofsky's first Report and Recommendation, dated January 30, 2025, Dkt. 96, and dismissed all of Plaintiff's claims except for her excessive force claim under 42 U.S.C. § 1983 against Polichetti.  *McBryde-O'Neal v. Polichetti*, No. 23 Civ. 10113 (JPC) (RFT), 2025 WL 752055, at *1 (S.D.N.Y. Mar. 10, 2025).  On April 11, 2025, Judge Tarnofsky held a telephone conference to discuss next steps in the case, including whether to order limited discovery as to Polichetti's employment status.  *See* Report and Recommendation at 2; Minute Entry, Apr. 11, 2025.  During that conference, Plaintiff stated that she did not wish to proceed with the case and abruptly hung up.  *See* Report and Recommendation at 2.  On April 15, 2025, Judge Tarnofsky ordered Plaintiff either to file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) by April 25, 2025, or, if she did wish to proceed with her claim, to mail Polichetti's counsel a letter with her discovery demand by the same deadline.  Dkt. 109 ("April 15 Order").  Judge Tarnofsky also ordered Polichetti to move to dismiss if Plaintiff failed to do either.  *Id.*

Plaintiff did not take any action following the April 15 Order and, on May 23, 2025, Polichetti moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Dkts. 112, 113 ("Motion").  Plaintiff did not respond to the motion.  On July 8, 2025, Judge Tarnofsky ordered that Plaintiff had until July 31, 2025, to file a letter expressing her desire to proceed with the action, or else Judge Tarnofsky would recommend that the undersigned dismiss the case for failure to prosecute.  Dkt. 114 ("July 8 Order") at 3.

After not receiving a timely response from Plaintiff, on August 11, 2025, Judge Tarnofsky issued a Report and Recommendation, recommending that the undersigned grant Polichetti's motion to dismiss for failure to prosecute.  Dkt. 115.  On August 15, 2025, however, the Court

received two identical letters from Plaintiff, dated July 17, 2025, in which Plaintiff stated unequivocally that she did "not want this case to be dismissed" and that she wanted "to continue litigating this case." Dkt. 117 ("Opposition to Motion") at 1. Judge Tarnofsky construed Plaintiff's letters as her opposition to Polichetti's motion to dismiss and withdrew the August 11 Report and Recommendation. Dkt. 118. Polichetti filed a letter-reply on September 5, 2025, urging Judge Tarnofsky not to alter her recommendation given that Plaintiff had demonstrated "a more persistent and long-running disregard . . . of numerous court orders, and apparent (and explicit) intent to abandon the remaining claim in this action," citing Plaintiff's February 21, 2025 letter stating that she no longer wanted to "go back and forth" over this case, Dkt. 104 at 2, and her reluctance to produce video footage to Polichetti, as ordered by Judge Tarnofsky on April 4, 2025, Dkt. 107. Dkt. 119 at 1.

Judge Tarnofsky issued the operative Report and Recommendation on September 9, 2025, recommending that Polichetti's motion to dismiss be denied. Dkt. 120. Polichetti objected to that recommendation on September 22, 2025. Dkt. 121 ("Objection"). Plaintiff responded to the objection on October 3, 2025. Dkt. 122 ("Response"). Since then, Judge Tarnofsky held a status conference with the parties on December 8, 2025, at which she ordered limited discovery concerning whether Polichetti was a federal employee at the time of the incident underlying the lawsuit. *See* Dkt. 124.

## II.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party submits a timely

3

and otherwise proper objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the district court reviews a report and recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Similarly, the district court reviews those portions of a report and recommendation to which an improper objection was filed only for clear error.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### III.  Discussion

Polichetti challenges Judge Tarnofsky's application of the five-factor test used by courts to decide whether to dismiss an action under Rule 41(b).  Even though he specifically objects to the analysis of only one of the five factors, *i.e.*, the efficacy of lesser sanctions, the Court reviews Judge Tarnofsky's entire analysis *de novo* given that no one factor is dispositive and a comprehensive analysis demands consideration of all five.  After *de novo* review, the Court concludes that dismissal is not warranted, at least at this stage, and adopts the Report and Recommendation.  Plaintiff is warned, however, that if she again misses deadlines and fails to comply with court orders, dismissal for failure to prosecute may be warranted.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action when a plaintiff fails to prosecute the case or fails to comply with court orders.  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Shetiwy v. Midland Credit Mgmt.*, No. 12 Civ. 7068 (RJS), 2016 WL 4030488, at *1 (S.D.N.Y. July 25, 2016), *aff'd*, 706 F. App'x 30 (2d Cir. 2017) (summary order).  Given that dismissal is a "harsh remedy . . . appropriate only in extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), courts analyze five factors that "significantly cabin a district court's discretion under Rule 41(b)." *LeSane*, 239 F.3d at 209. They are:

> (1) the duration of the plaintiff's failures, (2) whether [the] plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) . . . the efficacy of lesser sanctions.

*Id.* (citation modified). "Generally, no one factor is dispositive." *Shetiwy*, 2016 WL 4030488, at *2 (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)).

Polichetti agrees with Judge Tarnofsky that the first "four factors counsel in favor of dismissal," Report and Recommendation at 7, but he diverges over her analysis of the fifth factor: Judge Tarnofsky's failure to "conclude that no 'lesser sanction would cause [Plaintiff] to pursue this case with appropriate speed,'" *id.* at 6-7 (quoting *Ungaro v. Aaron*, No. 24 Civ. 339 (RA), 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024)). Objection at 1. This Court takes each factor in turn and ultimately agrees with Judge Tarnofsky that dismissal is not warranted.

First, Plaintiff's reluctance to advance the case from April until July—demonstrated by her statement during the April 11, 2025 telephone conference that she did not want to pursue her claim, her abrupt departure during that conference, and her failure to meet filing deadlines—supports dismissal. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (observing that delays of "merely a matter of months" may support dismissal). But this factor's weight is lessened by Plaintiff's conduct since missing the July 31, 2025 deadline to report to Judge Tarnofsky if she wished to continue to pursue this action. In her letter received by the Court on August 15, 2025, Plaintiff made clear that she wished to continue to litigate her claim against Polichetti. Opposition to Motion at 1-2. Since that letter, Plaintiff has made a timely filing, *see* Response, and participated in the December 8, 2025 status conference, *see* Dkt. 124. The first factor thus tilts slightly in favor of dismissal.

5

Second, as mentioned above, on July 8, 2025, Judge Tarnofsky expressly warned Plaintiff that if she did not "file a letter on the docket stating that she would like to continue litigating this case" by July 31, 2025, Judge Tarnofsky would recommend dismissal of her action. July 8 Order at 3. Plaintiff thus "received notice that further delays would result in dismissal," weighing in favor of that outcome. *LeSane*, 239 F.3d at 209 (citation modified). Yet here too, while this factor supports dismissal, it does not do so overwhelmingly. The circumstances around Plaintiff's response to the July 8 Order are somewhat murky, and Plaintiff has not attempted to clarify them. July 31 came and went without the Court receiving a response, so Judge Tarnofsky proceeded to recommend dismissal, Dkt. 115. However, on August 15, 2025 (about two weeks after the deadline), the Court received a letter from Plaintiff, dated July 17, 2025 (two weeks before the deadline), expressing her desire to continue to prosecute her claim. Opposition to Motion at 1 (stamp reflecting that Plaintiff's letter was received by the Southern District of New York's *Pro Se* Office on August 15, 2025). Judge Tarnofsky construed that letter as Plaintiff's opposition to dismissal and withdrew her initial Report and Recommendation. Dkt. 118. Plaintiff did not explain her delay in responding to Judge Tarnofsky's July 8 Order, but it is clear that Plaintiff received a warning that dismissal would result if she did not indicate her desire to pursue this action by July 31, 2025, and her letter indicating that desire did not arrive at the Court until over two weeks after that deadline.

Third, Plaintiff's four-month delay was lengthy and inexcusable, and thus creates a presumption of prejudice to Polichetti. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256-57 (2d Cir. 2004) ("Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." (citing *Lyell Theatre Corp.*, 682 F.2d at 43)); *accord Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir.

1999) (Sotomayor, J.) (explaining why unreasonable delay presumptively prejudices defendants). Even though Polichetti did not make a showing of actual prejudice, *see* Motion at 4 (generally asserting that the greater the delay, the "more witnesses' memories will fade and the harder it will be to collect documentary evidence"), Plaintiff has not rebutted the presumption of prejudice, so the third factor counsels in favor of dismissal.

Fourth, Plaintiff's interest in a fair opportunity to be heard has been fully satisfied, so that interest is outweighed by the burden her conduct has imposed on the Court. Over more than two years, Plaintiff has been afforded her full rights, including multiple opportunities to amend her complaints. *See* Dkts. 1 (original Complaint), 19 (First Amended Complaint), 65-1 (Second Amended Complaint). More than fourteen months into the litigation, Plaintiff told the Court in a filing received on February 21, 2025, that she was "not going to subject [herself] to this unjust and corrupt system of law enforcement after this response is submitted." Dkt. 104 (entitled both "Discovery Motion" and "Response to Rule 56 Motion for Summary Judgment") at 2. During the April 11, 2025 telephone conference, Plaintiff indicated that she did not want to pursue this action and left the conference before it concluded. *See* April 15 Order; Report and Recommendation at 2. Afterwards, she failed to respond to Judge Tarnofsky's Order directing her either to file a notice of voluntary dismissal, or, if she did want to proceed with her claim, to mail Polichetti's counsel a letter stating her discovery demand. April 15 Order. After Plaintiff missed her deadlines to oppose Polichetti's motion to dismiss and to advise if she wished to continue this action, Judge Tarnofsky nevertheless considered Plaintiff's late filing when it arrived on August 15, 2025. Plaintiff has had every opportunity to be heard, and then some. Weighed against the burden imposed on judicial resources when a party engages in the sort of delay that Plaintiff has, this factor weighs in favor of dismissal.

This Court also agrees with Judge Tarnofsky, however, that the fifth factor weighs strongly, and decisively, against dismissal.  Plaintiff expressly stated her desire to pursue her remaining claim against Polichetti in her letter that arrived at the Court on August 15, 2025.  Opposition to Motion at 1 ("I am writing to this court to grant me the opportunity to proceed with this case.  I do not want this case to be dismissed.  I want to continue litigating this case."); *id.* at 2 ("Again, I wish to proceed with this claim in your court.  I do not want it dismissed.").  This unequivocal assertion of Plaintiff's desire to proceed with her claim indicates that lesser sanctions than dismissal—such as a warning—may be effective to secure her prosecution of this case and compliance with court orders.  In that letter, Plaintiff also maintained that her husband's death affected her ability to pursue her claim, that she was discomfited upon realizing that filings in this action were publicly available including by searching her name on Google, and that she had difficulty retaining an attorney (which she attributed to the fact that documents from this lawsuit are available online).  *Id.* at 1.[1]  Polichetti disputes that the death of Plaintiff's husband provides a basis to conclude that a sanction short of dismissal would adequately secure Plaintiff's prosecution of the case.  Objection at 1.  Polichetti further points to Plaintiff's previously expressed desire to abandon the action and her "persistent and long-running disregard . . . of numerous court orders (and warnings)."  *Id.*  For example, according to Polichetti, Plaintiff defied Judge Tarnofsky's April 4, 2025 Order to arrange for the delivery of video footage to Polichetti and Plaintiff missed multiple filing deadlines.  *Id.* at 1-2.  But Plaintiff's past noncompliance with court orders does not necessarily establish that sanctions "less drastic than dismissal" are inadequate.  *Lucas*, 84 F.3d at

---

[1] Plaintiff seems to suspect that Polichetti's counsel is responsible for making the case's docket available for public viewing.  *See* Opposition to Motion at 1; Response at 3.  The Court notes that documents filed in actions in this District are presumptively available to the public on the case's docket and regularly available through internet searches, without any further action by the litigants.

535. Plaintiff, however, is warned that the Court will consider all instances of her noncompliance if, at any point in the future, it needs to consider more severe sanctions against her, up to dismissal of this action with prejudice, for failing to prosecute or to comply with court orders.

Given the substantial weight of the fifth factor, and that dismissal for failure to prosecute should be employed "only when [the Court] is sure of the impotence of lesser sanctions," *Martens*, 273 F.3d at 179 (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980)), this Court agrees with Judge Tarnofsky that dismissal is not warranted, at least at this stage.[2]

### IV.  Conclusion

The Court adopts the Report and Recommendation and denies Polichetti's motion to dismiss for failure to prosecute.  As mentioned twice above, the Court warns Plaintiff that further noncompliance with court orders or actions otherwise causing unreasonable delay in this case could result in sanctions including dismissal of her claim with prejudice.  The Clerk of the Court is respectfully directed to close Docket Number 112.

SO ORDERED.

Dated: December 29, 2025
       New York, New York

JOHN P. CRONAN
United States District Judge

---

[2] Polichetti also objects to two additional considerations that informed Judge Tarnofsky's recommendation to deny the motion to dismiss: the Court's interest in deciding cases brought by *pro se* litigants on the merits rather than on procedural defaults (given that at issue here were not procedural defaults, but Plaintiff's defiance of court orders), and that the three-year statute of limitations for Section 1983 claims has not yet run, so Plaintiff could refile her claim against Polichetti were it dismissed.  Objection at 2; *see* Report and Recommendation at 7.  But as Polichetti concedes, those points are "outside the rubric of the five factors governing the pending motion to dismiss."  Objection at 2.  Accordingly, the Court does not need to address his disagreement on these points, as it does not impact its analysis of whether to dismiss pursuant to Rule 41(b).