UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVERNE MCBRYDE-O'NEAL,

                    Plaintiff,

      -v-

DINO POLICHETTI,

                    Defendant.

23-CV-10113 (JPC) (RFT)

**REPORT & RECOMMENDATION**

**TO THE HONORABLE JOHN P. CRONAN, United States District Judge:**

Defendant Dino Polichetti has moved for summary judgment on claims brought against him by Plaintiff Laverne A. McBryde-O'Neal pursuant to 42 U.S.C. § 1983 for alleged excessive force, in violation of the Fourth Amendment, arising out of Polichetti's execution of a federal search warrant for Plaintiff's residence on January 4, 2023 (the "Motion"). (ECF 133, Motion for Summary Judgment.) For the reasons set forth below, I respectfully recommend that the Motion be **GRANTED.**

**BACKGROUND**

I assume familiarity with the facts and procedural history set out in my prior report and recommendation, in which I recommended that Your Honor deny in part and grant in part Defendants' first motion to dismiss (ECF 96). I recommended dismissal of Plaintiff's claims against all Defendants except Polichetti and that only one claim against Polichetti, for excessive force under Section 1983, be allowed to proceed. (*See generally* ECF 96, Report and Recommendation.)

Plaintiff's claim against Polichetti can proceed only if Polichetti was acting under color of state law during the incident in question, meaning that he was not acting as a federal agent at the time. *See Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n.4 (2d Cir. 1991) (holding that it is well established that "a prerequisite for relief under § 1983 . . . is that the defendant acted under the color of state law"). In connection with the first motion to dismiss, Polichetti submitted evidence outside the pleadings to show that he had been deputized as a federal agent and was acting as a federal agent under color of federal law and not as a state agent under color of state law at the time of the incident. (*See* ECF 101, Declaration of Brandon K. Hope ("Hope Decl.") ¶¶ 4-5; ECF 101-1, DEA Polichetti Deputization Information; ECF 101-2, DEA-481 Form.)[1] While Section 1983 claims cannot be brought against "state and local officers who have been deputized to a federal task force," because such officers act "under the color of federal, not state, law for the purposes of the activities carried out by the task force" (ECF 96, Report and Recommendation at 17 (quoting *Escobar v. Correa*, No. 22 Civ. 8434 (MMG), 2024 WL 4042122, at *7 (S.D.N.Y. Sept. 4, 2024))), I recommended against considering, on a motion to dismiss, evidence from outside the pleadings that Polichetti was a deputized federal task force officer. (*See* ECF 96, Report and Recommendation at 18-19.)[2] On March 10, 2025, Your Honor adopted that report and recommendation. (*See generally* ECF 106, Opinion and Order.)

---

[1]    The United States Department of Justice, acting through the Drug Enforcement Agency ("DEA"), enters into task force agreements with participating local law enforcement agencies to undertake joint investigations. *See Bordeaux v. Lynch*, 958 F. Supp. 77, 84 n.5 (N.D.N.Y. 1997) (quoting 21 U.S.C. § 873(a)(7))). The DEA is authorized to cross-designate state and local officers to exercise federal drug enforcement powers, including making arrests or execute warrants. *See* 21 U.S.C. § 878.

[2]    Unless otherwise indicated, this report and recommendation omits internal quotation marks, citations, and alternations from quoted text.

I focus here on the facts relevant to the Motion and the procedural history following Your Honor's adoption of my report and recommendation on the first motion to dismiss. After Your Honor dismissed most of Plaintiff's claims, Plaintiff indicated that she did not wish to pursue her case. (*See* ECF 104, Pl.'s Response at 2.) On May 23, 2025, Defendant moved to dismiss the operative complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*See generally* ECF 112, Second Mot. To Dismiss.) However, on August 17, 2025, Plaintiff filed letters on the docket (ECF 116, 117) stating that she "did not want this case to be dismissed" and that "she wanted to continue litigating this case." On September 9, 2025, I issued a report and recommendation that Defendant's motion to dismiss for failure to prosecute should be denied. (*See generally* ECF 120, Report and Recommendation.) Your Honor adopted that report and recommendation on December 29, 2025. (*See* ECF 125.)

The case then proceeded to limited fact discovery on the topic of Polichetti's employment status – whether he was acting as a federal agent or a state police officer at the time of the incident. (*See* ECF 124, Order.) Following the exchange of limited discovery, on February 12, 2026, Polichetti moved for summary judgment on the Section 1983 claim pursuant to Rule 56 of the Federal Rules of Civil Procedure. (*See* ECF 133, Def.'s Mot. for Summ. J.; ECF 134, Def.'s Mem. in Support of Mot. for Summ. J. (Def.'s Summ. J. Mem."); ECF 85, Declaration of Francis H. Dicarlo ("Dicarlo Decl.");. ECF 135, Declaration of Dino Polichetti ("Polichetti Decl."); ECF 136, Statement of Undisputed Facts ("SUMF"); ECF 137, Notice to Pro Se Litigants.)

Polichetti provided evidence from Hope, an acting associate special agent with the United States Drug Enforcement Agency ("DEA"), that Polichetti had been deputized as a federal task force officer in March 2011. (*See* ECF 136, SUMF ¶ 2 (citing ECF 101, Hope Decl.

3

¶¶ 4-5; ECF 101-1, DEA Polichetti Deputization Information; ECF 101-2, DEA-481 Form.).)

Polichetti also submitted evidence that the warrant he executed was a federal warrant and that

it was executed as part of the work of a DEA taskforce. (*See* ECF 136, SUMF ¶¶ 6-9 (citing ECF

38-1, Search Warrant at 1-6.); *see also* ECF 38-1 Search Warrant at 7, 25, 27 (indicating that the

affiant for the search warrant and prior warrant was a DEA special agent and that the warrant

was in furtherance of a DEA investigation). Plaintiff filed an opposition on February 12, 2026.

(*See* ECF 139, Pl.'s Opp'n.)[3] Defendant filed his reply to in further support on March 2, 2026.

(*See* ECF 140, Def.'s Reply.)

**DISCUSSION**

I.      **Legal Standards**

    A.      Motions for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine

issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party," and a factual dispute is material if it "might affect the outcome of the suit

under the governing law." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir.

---

[3]     Plaintiff did not submit a response to the statement of material facts as required under
Local Civil Rule 56.1(b). However, courts in this Circuit have discretionary authority to overlook
failures to make such filings, particularly when doing so serves the strong judicial preference for
resolving cases on the merits. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292
(2d Cir. 2000) (recognizing the court's discretion to independently review the record even
where one or both parties have failed to file the required statement of material facts); *see
Pierre v. Napolitano*, 958 F. Supp.2d 461, 472 (S.D.N.Y. 2013) (excusing the plaintiff's omission
of a Rule 56.1 statement and instead conducting an independent review of the record due to
the strong preference for resolving the case on the merits).

2020). In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all reasonable factual inferences in favor of the non-movant. *See id.* A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

On a motion for summary judgment, the moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Snellinger v. Fannie Mae*, 785 F. Supp. 3d 3, 6 (S.D.N.Y. 2025) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this showing is made, "[t]o defeat summary judgment, the non-movant must produce specific facts" to rebut the movant's showing and to establish that there are material issues of fact requiring trial. *Wright v. Coughlin,* 132 F.3d 133, 137 (2d Cir.1998) (citing *Celotex,* 477 U.S. at 322). In determining whether a genuine issue of material fact exists, a court must view the facts in the "light most favorable to the non-moving party and make all reasonable inferences in that party's favor." *Fincher v. Depository Trust & Clearing Corp.,* 604 F.3d 712, 720 (2d Cir. 2010).

"[A] court is ordinarily obligated to afford a special solicitude to pro se litigants . . . particularly where motions for summary judgment are concerned." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016). A court must "liberally construe" documents "submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). However, this case law "does not relieve [a]

plaintiff of [her] duty to meet the requirements" for defeating a motion for summary judgment. *Jorgensen v. Epic/Sony Records,* 351 F.3d 46, 50 (2d Cir. 2003).

      B.      Claims Under 42 U.S.C. § 1983

"Section 1983 does not give rise to a cause of action against federal officials." *Kingsley,* 937 F.2d at 30; *see also Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010) ("Section 1983 actions are not properly brought against federal employees"). State and local officials, when acting as federal officers, are immune to Section 1983 claims. *See United States v. Davis*, 906 F.2d 829, 831 (2d Cir. 1990) (noting that state and local officers assigned to a federal task force operate under the direct control of the DEA and follow DEA policies and procedures and are deemed to be deputized federal agents); *Aikman,* 691 F.2d at 499 (holding that a local police officer who served as a deputized task force officer of the DEA was a federal officer and was therefore immune from Section 1983 claims); *Pou v. U.S. Drug Enf't Admin.,* 923 F. Supp. 573, 579 (S.D.N.Y. 1996) (concluding that a Section 1983 claim against two local police officers who were deputized DEA task force agents could not be maintained as they were acting in their capacity as federal officers during the incident in question); *Bordeaux v. Lynch*, 958 F. Supp. 77, 84 (N.D.N.Y. 1997) (finding that state officers involved in a federal task force under the command of the DEA were federal officers who were immune from suit under Section 1983); *Farag v. United States,* 587 F. Supp. 2d 436, 449 n.21 (E.D.N.Y. 2008) (holding that the defendant New York City police officers were "acting as deputized federal employees" and therefore were acting under color of federal rather than state law, so that they were immune from claims under Section 1983); *Tyson v.* Willauer, 289 F. Supp. 2d 190, 192 n.1 (D. Conn.

2003) (explaining that the defendant was a formally deputized member of a federal task force who was acting in that capacity during the incident underlying the complaint).

To determine whether a local law enforcement officer was acting in a federal capacity, courts may look to documents submitted by the defendants demonstrate the deputization to a federal task force. *See Bolanos v. City of New York,* No. 24-CV-1011 (LTS), 2026 WL 890559, at *3 (S.D.N.Y. Mar. 31, 2026) (holding that the defendant's position as a deputized federal agent at the time of the alleged dispute was supported by multiple forms including a "deputation form"); *see also Bordeaux*, 958 F. Supp. at 84 n.5 (holding that the defendant local law enforcement officers were "deputized federal employees" based on (1) a certificate of federal employment, (2) a copy of the effective Task Force agreement, and (3) affidavits from local police and DEA officers); *Aikman*, 691 F. Supp. 2d at 498 (determining that the defendant was a deputized federal agent based on DEA Deputization Request/Authorization forms, signed by both the defendant and a special agent in charge, approving the defendant's deputization).

Courts may also conclude that a local law enforcement officer was acting in a federal capacity if he was involved in a federal operation or executing a federal warrant during the events underlying a complaint. *See, e.g., United States v. Turner*, 558 F.2d 46, 49 (2d Cir. 1977) (holding that, where federal officers participated alongside state authorities in executing a federal search warrant, the operation was considered federal in nature); *James v. City of Rochester,* 673 F. Supp. 3d 279, 287-289 (W.D.N.Y. 2023) (dismissing Section 1983 claims against state and local officers assigned to a federal fugitive task force and were therefore acting under the color of federal law rather than state law); *Winfield v. United States*, 430 F. Supp. 912, 914 (S.D.N.Y. 1977) (recognizing that whether that local officers executing a federal

7

warrant may be considered acting under the color of federal or state law depends on the level of direct federal supervision).

## II.        Analysis

Plaintiff argues that Polichetti was not deputized as a federal agent when he executed the warrant, because he a member of the New York City Police Department ("NYPD"); she therefore concludes that Polichetti was therefore acting under the color of state and not federal law. (*See* ECF 139, Pl. Opp'n at 1.) In support, Plaintiff points to Polichetti's "remain[der] on the payroll of the City of New York, not the federal government." (*Id.*) Plaintiff also contends that there is "no evidence of Dino Polichetti's employment as a federal employee," that Polichetti failed to provide her with a warrant, lacked a "valid warrant," and did not provide an inventory of what was taken from her home. (*Id.* at 1-2.)

Although Defendant is a member of the NYPD, on March 18, 2011 he was deputized as a DEA task force officer and was to remain on the task force until February 28, 2026. (*See* ECF 136, SUMF ¶¶ 1-3 (citing ECF 135, Polichetti Decl. ¶¶ 2-3; ECF 101, Hope Decl. ¶¶ 4-5; ECF 101-1, DEA Polichetti Deputization Information; ECF 101-2, DEA-481 Form); *see also* ECF 85, Dicarlo Decl. ¶ 4).) The incident underlying Plaintiff's complaint was a DEA operation (*see* ECF 136, SUMF ¶¶ 4-9 (citing ECF 38-1, Search Warrant at 1-6; ECF 135, Polichetti Decl. ¶¶ 3-4)) and involved execution of a federal search warrant. (*See* ECF 136, SUMF ¶¶ 6-9 (citing ECF 38-1, Search Warrant at 1-6; ECF 135, Polichetti Decl. ¶ 5).)

Under the circumstances, Polichetti has demonstrated "the absence of a genuine issue of material fact," *Snellinger*, 2025 WL 1581766, at *2, about whether he was acting under color of federal law. *See, e.g., Aikman*, 691 F. Supp. 2d at 498 (holding that the defendant successfully

established his status as federal task force member by providing declarations signed by the defendant and the DEA special agent in charge as well as DEA deputization forms); *Escobar,* 2024 WL 4042122, at *7 (dismissing Section 1983 claims against a NYPD detective who executed a state-issue warrant because the detective had been properly deputized by the U.S. Marshal's Service and was acting in the capacity of a federal task force agent when he executed the warrant).

Accordingly, "[t]o defeat summary judgment, [Plaintiff] must produce specific facts" to establish that there are material issues of fact requiring trial. *Wright,* 132 F.3d at 137. Plaintiff's argument that Polichetti should be considered a NYPD officer acting under color of state law because his salary was paid by the City of New York rather than the federal government and because there is no evidence that he was a federal employee (*see* ECF 139 Pl.'s Opp'n. at 1) is insufficient establish a material issue of fact requiring trial as to Polichetti's status as a federal agent acting under color of federal law.

Even if a local law enforcement officer is on a local government payroll and is not a federal employee, if that officer has been deputized by a federal agency, he is considered to be acting under color of federal law when doing work to support the federal agency. *See James,* 673 F. Supp. 3d at 288-89 (holding that persons acting on behalf of a federal agency in an official capacity are in the service of the United States and are considered federal officers even if they do not receive compensation from the federal government); *Escobar*, 2024 WL 4042122, at *7; *Morales v. City of New York*, No. 11-CV-5407 (PAC), 2012 WL 13388990, at *3 (S.D.N.Y. Dec. 5, 2012) (holding that Section 1983 claims could not be brought against NYPD officers who had been properly deputized as part of a federal task force, even though the officers were

9

employed by NYPD). Polichetti has provided evidence that he was properly deputized and participating in a federal DEA investigation (*see* ECF 136, SUMF ¶¶ 1-9; *see also* ECF 101, Hope Decl. ¶¶ 4-5; ECF 101-1, DEA Polichetti Deputization Information; ECF 101-2, DEA-481 Form; ECF 135, Polichetti Decl. ¶ 3; ECF 85, Dicarlo Decl. ¶ 4); accordingly so he has shown that he was acting under color of federal law during the incident in question.

Plaintiff's assertion that that the warrant was invalid and was not presented to her and that she was not provided with a list of what was taken from the apartment (*see* ECF 139, Pl.'s Opp'n at 1-2) similarly fails to create a genuine issue of material fact as to whether Polichetti was acting under color of state law when he executed the warrant. The validity or not of a warrant and an officer's behavior during a search goes to whether a plaintiff has a Section 1983 claim against a state or local law enforcement officer acting under color of state law, but it has no bearing on whether Polichetti was acting under federal or state law when he executed the warrant.

Because there can be no dispute that Polichetti was acting under color of federal law, Plaintiff's only remaining claim – her Section 1983 claim against Polichetti – must fail. *See, e.g., Hester-Bey v. Donaruma*, No. 14-CV-3903 (CBA) (LB), 2017 WL 1148613, at *3 n.1 (E.D.N.Y. Mar. 24, 2017) (granting motion for summary judgment where the plaintiff failed to state a claim under Section 1983 because defendants were local law enforcement agents deputized as "Special Deputy Marshals" participating in a federal task force and were thus not acting under color of state law).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendant's motion for summary judgement in their favor (ECF 133) should be **GRANTED**.

Dated: May 4, 2026                                      RESPECTFULLY SUBMITTED,
      New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Cronan.

**THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).