UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
LAVERNE A. MCBRYDE-O'NEAL,                                          :
                                                                    :
                              Plaintiff,                            :
                                                                    :
            -v-                                                     :        23 Civ. 10113 (JPC) (RFT)
                                                                    :
DINO POLICHETTI,                                                    :        OPINION AND ORDER
                                                                    :        ADOPTING REPORT AND
                              Defendant.                            :        RECOMMENDATION
                                                                    :
------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

Defendant Dino Polichetti moves for summary judgment on an excessive-force claim

brought by Plaintiff LaVerne A. McBryde-O'Neal, proceeding *pro se*, pursuant to 42 U.S.C.

§ 1983. This is the sole claim remaining after the Court dismissed with prejudice Plaintiff's other

claims on March 10, 2025. *See McBryde-O'Neal v. Polichetti*, No. 23 Civ. 10113 (JPC) (RFT),

2025 WL 752055, at *5-6 (S.D.N.Y. Mar. 10, 2025) (adopting first Report and Recommendation,

Dkt. 96 ("First R&R")). On May 4, 2026, the Honorable Robyn F. Tarnofsky, to whom this case

has been referred for general supervision of pretrial proceedings and to issue recommendations on

any dispositive motions, issued a Report and Recommendation, recommending that the

undersigned grant Polichetti's motion for summary judgment. Dkt. 142 ("R&R") at 1.

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C.

§ 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's

disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ.

P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no

objections are made, the Court reviews the Report and Recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections.  R&R at 11.  Plaintiff had three additional days to object because she was served by mail.  *See* Fed. R. Civ. P. 6(d) (adding three days to situations "[w]hen a party must act within a specified time after being served" and service is made by mail).  Judge Tarnofsky further warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review.  R&R at 11.  The Report and Recommendation was entered on May 4, 2026, Dkt. 142, and was mailed to Plaintiff the next day, *see* Docket Entry, May 5, 2026.  No objections have been filed and the time to object has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded.  State and local officials acting as federal officers are immune to claims under Section 1983 because in those circumstances they are not acting under color of state law as that statute requires.  *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991); *see, e.g.*, *Pou v. U.S. Drug Enf't Admin.*, 923 F. Supp. 573, 579 (S.D.N.Y. 1996) ("Where . . . it is undisputed that [the defendants] were acting in their capacity as federal officers as DEA task force agents, they were not acting under color of state law, and a § 1983 claim must fail.").  A member of a state or local police force who is deputized to a federal task force is considered a federal officer who acts under the color of federal law when serving in the task force.  *See, e.g.*, *Escobar v. Correa*, No. 22 Civ. 8434 (MMG), 2024

2

WL 4042122, at *7 (S.D.N.Y. Sept. 4, 2024) (collecting cases); *Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010).  There is no genuine dispute of material fact that Polichetti, an employee of the New York City Police Department, was detailed to the federal Drug Enforcement Administration ("DEA") and was participating in a federal investigation and executing a federal search warrant at the time of the alleged conduct.  *See* Dkt. 136 (Polichetti's unopposed statement of undisputed material facts pursuant to Local Civil Rule 56.1) ¶¶ 1-3, 9; *see also* Dkt. 101 (declaration of the Acting Administrative Associate Special Agent in Charge of the DEA's New York Division), Exh. A (screenshot of a DEA computer system showing that Polichetti was deputed as a DEA Task Force Officer in 2011 and that his deputization was active through all of 2023); Dkt. 135 (Polichetti declaration) ¶¶ 2-3, 5.  He was thus a federal officer who cannot be sued under Section 1983.  *See Aikman*, 691 F. Supp. 2d at 498.

Because *pro se* complaints are "not subject to as rigorous a standard as formal pleadings prepared by an attorney," the Second Circuit construes *pro se* plaintiffs' Section 1983 claims against federal defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988) (citation modified); *see Selvam v. United States*, No. 21-2513-cv, 2022 WL 6589550, at *1 n.2 (2d Cir. Oct. 11, 2022) (summary order).  But there is no need to do so here because the Court has already determined that a *Bivens* claim against Polichetti is barred.  First R&R at 19-22; *McBryde-O'Neal*, 2025 WL 752055, at *5-6 (adopting First R&R in its entirety); *see Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) (explaining the law-of-the-case doctrine).

Accordingly, the Court adopts the Report and Recommendation in its entirety and grants summary judgment in favor of Polichetti.  The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Opinion and Order to Plaintiff, and terminate this case.

SO ORDERED.

Dated: June 1, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4